## Supreme Council of the Royal Arcanum, Anna Tracy, Elizabeth Tracy and Agnes Tracy v. Mary Tracy.

1. INSURANCE POLICY—*Equity Will Relieve Assignee Against Fraudulent Transfer.*—An insurance policy is assignable in equity, and an assignee for value contending against mere volunteers, whose claim came into existence through the fraudulent conduct of their donor, has a clear right to relief, and it is not necessary that the holder of the fund who still retains possession of it should have been notified of the assignment.

**Bill**, to settle ownership of insurance money. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 30, 1896.

### STATEMENT OF THE CASE.

On August 26, 1885, one Thomas P. Tracy became a member of a council of the Royal Arcanum, and thereafter, to wit, on September 8, 1885, the Supreme Council of the Royal Arcanum issued to said Tracy benefit certificate No. 65,078, which certificate was as follows:

" ROYAL ARCANUM BENEFIT CERTIFICATE.

This certificate is issued to Thomas P. Tracy, a member of Northwestern Council No. 315, Royal Arcanum, located at Chicago, Illinois, upon evidence received from said council that he is a contributor to the widows and orphans'

benefit fund of this order, and upon condition that the statements made by him in his application for membership in said council, and the statements certified by him to the medical examiner, both of which are filed in the supreme secretary's office, be made a part of this contract, and upon condition that the said member complies in the future with the laws, rules and regulations now governing said council and fund, or that may hereafter be enacted by the supreme council to govern said council and fund, and upon condition that said member for himself, and for any person or persons accepting or acquiring any interest in this benefit certificate, agrees that no action at law or in equity shall be brought or maintained on any cause or claim arising out of any membership in the Royal Arcanum, or on any benefit certificate, unless such action is brought within three years from the time when the right of action accrues. These conditions being complied with, the Supreme Council of the Royal Arcanum hereby promises and binds itself to pay out of the widows and orphans' benefit fund, to Mary Tracy, wife, a sum not exceeding three thousand dollars, in accordance with and under the provisions of the laws governing said fund, upon satisfactory evidence of the death of said member, and upon surrender of this certificate, provided that said member is in good standing in this order at the time of his death; and provided, also, that this certificate shall not have been surrendered by said member and another certificate issued at his request, in accordance with the laws of this order.

In witness whereof, the Supreme Council of the Royal Arcanum has hereunto affixed its seal and caused this certificate to be signed by its supreme regent, and attested and recorded by its supreme secretary at Boston, Massachusetts, this 8th day of September, A. D. 1885.

H. H. C. Miller,<br>Supreme Regent.

Attest: W. O. Robson,
    Supreme Secretary.

I accept this certificate on the conditions named herein.

Thomas P. Tracy."

By chapter 4 (Title II) of the general laws of said supreme council, it is provided as follows:

" A member may at any time, when in good standing, pay a fee of fifty cents, make a written surrender of his benefit certificate and direct that a new certificate be issued to him payable to such beneficiary or beneficiaries as such member may designate, in accordance with the laws of the order.

" The written surrender and direction for change of beneficiary must be forwarded, under seal of the council, with the benefit certificate and fee of fifty cents, to the supreme secretary, who shall issue a new certificate in accordance with the direction of the member, if the direction is in accordance with the laws of the order.

" In case a benefit certificate is lost or beyond a member's control, the member may, in writing, surrender all claim thereto and direct' that a new certificate be issued to him, payable to the same or a new beneficiary or beneficiaries, in accordance with the laws of the order, upon making affidavit of the facts in the case satisfactory to the supreme secretary and paying a fee of fifty cents.

" The change of beneficiary shall take effect upon the delivery of the benefit certificate, the written surrender and direction for such change, as provided in the laws of the order, the proof of loss, if required, and the fee of fifty cents to the regent, secretary, collector or treasurer of the council to which the member belongs.

" The issuing of a new benefit certificate, in accordance with the laws of the order, shall cancel and render null and void any and all previous certificates issued to a member."

In accordance with said provisions, Thomas P. Tracy, on June 9, 1894, executed and delivered to the secretary of said Northwestern Council the following instrument:

" ROYAL ARCANUM.

To the Supreme Secretary, S. C., R. A.

Dear Sir and Brother: I hereby certify that my benefit certificate, No. 65,078, has been misplaced, lost, with other papers.

I hereby surrender and renounce all claim thereto on behalf of myself, my family, and those dependent upon me, and request that a duplicate benefit certificate be issued by the Supreme Council, payable to Annie Tracy, Elizabeth Tracy, Agnes Tracy, my daughters, one thousand dollars each.

Given under my hand this 9th day of June, 1894.

Thomas P. Tracy,
Member's signature.

Attest: J. J. Keenan,
Secretary.

Subscribed and sworn to before me this 9th day of June, 1894.

T. P. Kennedy,
Notary Public."

Thomas P. Tracy paid the supreme secretary the required fee of fifty cents.

The request for a change of beneficiary, together with the fee of fifty cents, was forwarded to the supreme secretary at Boston, Mass., and the proof that the original certificate had been lost, or was beyond the control of the member, being satisfactory to that officer, he thereupon, on June 14, 1894, issued to Thomas P. Tracy a new benefit certificate, by the terms of which the benefit which might become due thereunder was to be payable " to Annie E. Tracy, Elizabeth Tracy and Agnes Tracy, daughters of said Thomas P. Tracy, each one-third."

Thomas P. Tracy died September 21, 1894. It is admitted that at the time of his death he was a member in good standing of said Northwestern Council No. 315.

Thomas P. Tracy was married twice. Three of the children of his first wife are the appellants, Annie Tracy, Elizabeth Tracy and Agnes Tracy. The appellee was his second wife. She was a widow at the time she married Tracy in 1882. The evidence shows that at the time of her marriage with Tracy she had about $1,500; that Tracy had some money, but not a large amount, and that in the summer or fall of the year 1885, he purchased with the joint money of

himself and wife, she contributing the said $1,500, the real estate described in the bill of complaint. The evidence further shows that Tracy agreed that if she would contribute said sum of money toward the purchase of said real estate, he would join the Royal Arcanum, from which he would receive a benefit certificate for .$3,000, and that he would deliver it to her; that he did join, as above stated, Northwestern Council No. 315, and receive and deliver to appellee the benefit certificate, a copy of which is herein given, and that appellee kept said certificate locked up in her trunk, and beyond his control, until after her husband's death. It further appears that appellee paid the greater part, if not all, of the assessments which were due under said certificate amounting in the aggregate to about $500. The bill alleges, and the proof introduced seems to support the allegation, " that in order to induce your oratrix to permit said Thomas P. Tracy, deceased, to put the said sum of money into real estate above referred to, said Thomas P. Tracy agreed to and did deliver to your orator said insurance policy as indemnity against loss to your oratrix for the advance of said money, and then and there in the presence of witnesses delivered to your oratrix his said insurance policy, as and for her own, to keep and to have and to hold the same in lieu of said money so advanced by your oratrix as aforesaid, with the understanding and agreement that when he should die the said policy and the money thereby secured was to become the property of your oratrix and her heirs, in consideration of the said sum of $1,500 so to him advanced on said real estate bought in his name as aforesaid."

The claim of appellee is based upon the following allegation in her bill of complaint:

" Your oratrix charges the fact to be that she is in equity the assignee of said certificate for value, and that she is the equitable owner of said certificate, by reason of said assignment to her for value, as above stated, and that it is not, nor was not, within the power of said Thomas P. Tracy, or said Royal Arcanum, or its officers, to cancel such certificate, in manner as above set forth, and that the issuance of

any other certificate to other beneficiaries, in lieu of the one above described, under the circumstances above set forth, is void and is fraudulent, as against the right of your oratrix, and that the same, if any, was made without the knowledge or consent of your oratrix, and that the said new certificate is and should be declared void accordingly."

The prayer of the bill is, that the new benefit certificate issued to Annie Tracy, Elizabeth Tracy and Agnes Tracy, the daughters of Thomas P. Tracy, " be declared void, and that the attempt to cancel the certificate, No. 65,078, of September 8, 1885, above referred to, be declared void and of no effect, and that your oratrix may be declared to be' the legal and equitable owner of the money secured by said certificate, No. 65,078, by reason of an equitable interest therein in favor of the complainant, and that the said Royal Arcanum may be decreed to pay the same over to your or-atrix by a short day, or that the money collectible of the Royal Arcanum, on the death of said Thomas P. Tracy, as indemnity on his life, be paid over to your oratrix, as the equitable owner thereof."

The original bill sought, also, to have the devise of the real estate above referred to, to Thomas P. Tracy's children, set aside, but a demurrer to this portion of the bill was sustained by the court.

A decree as to the benefit certificate, in accordance with the prayer of the bill, was rendered, from which this appeal is prosecuted.

H. H. C. MILLER, attorney for the Supreme Council of the Royal Arcanum, appellant.

HARRY A. SULLIVAN, attorney for Annie, Elizabeth and Agnes Tracy, appellants.

A benefit certificate subject by the laws of the order to change at will, on the compliance with certain formalities and the surrender of the old certificate, may be changed in the prescribed way, although it has been delivered to a third party who pays the assessments. Bacon on Benefit Societies, Sec. 307; Fisk v. Aid Union Pa., 11 Atl. Rep. 84; Nib-

lack on Benefit Societies, p. 405; Masonic Ass'n v. Bunch, 109 Mo. 560; Sabin v. Phinney, 134 N. Y. 423.

The fact that a member applying for a change of beneficiary by affidavit, or otherwise, does not state truly the reason why he does not produce and surrender the original certificate, is a matter of no concern to the old beneficiary, for the simple reason that such beneficiary has no vested interest in the benefit.

The requirement that the member shall account for the non-production of the certificate is made for the benefit of the order, and may be waived by it. All that is required in the case of the Royal Arcanum is that the member shall make "an affidavit of the facts in the case satisfactory to the supreme secretary, and pay a fee of fifty cents." Splawn v. Chew, 60 Texas, 532; Bacon on Benefit Societies, Vol. 1, p. 627 (Sec. 310a); Grand Lodge A. O. U. W. v. Child, 31 N. W. Rep. p. 1, Sec. 8.

MEEK, MEEK & COCHRANE, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The question presented by the record of this cause is not whether the insured surrendered his first certificate and obtained a new certificate in accordance with the rules and regulations of the Royal Arcanum, but, who is entitled to the benefit of the insurance effected by Thomas Tracy.

While such a certificate, that is, insurance, is not assignable at law, it is in equity. Equitable rights thereto may be acquired, which a court of chancery will enforce. Bispham's Principles of Equity, Ch. VIII, 162, 167, 168.

Mrs. Tracy was, for a valuable consideration, the beneficiary named in, and the actual holder of Mr. Tracy's insurance certificate. For a large sum by her paid, the certificate was given to her; she kept it, and paid the dues subsequently accruing thereon. As between Thomas Tracy and his wife, he then had no right to attempt to surrender this certificate and obtain another payable to his daugh-

ters.   What he attempted, looking to such end, was not only based upon his false affirmation as to loss of the certificate, but was an attempt to fraudulently deprive his wife of what she equitably owned.

What her rights would have been against a person to whom another certificate had been, in good faith, for value, issued, or against the company, had it, without notice of her claim, paid to the beneficiaries named in the second certificate, the insurance money, it is unnecessary to consider.   No such question is here presented.

It is manifest that had she been informed that her husband was about to surrender his certificate and have another issued to new beneficiaries, she might have applied to a court of equity to restrain such contemplated surrender and issue.   High on Injunctions, Sec. 1113.

She is here a holder for value contending against mere volunteers, whose claim came into existence through the fraudulent conduct and misrepresentation of their donor.

As to such, it was not necessary that the holder of the fund, in whose hands it yet is, and who knew that the certificate made for her benefit was outstanding, should have been notified of the assignment to, and payments by, her, and as against such volunteers her right is clear.   Bispham's Equity, 168; Commonwealth v. Crompton, 137 Penn. 138; Mt. Holly Lumber Co. et al. v. Ferree, 17 N. J. Eq. 117; Pomeroy's Eq. Jur., Sec. 1283.

The decree of the Superior Court is affirmed.